UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CONTRACT MANAGEMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-110 |
| ) | (PHILLIPS/SHIRLEY) |
| V. ) | |
| ) | |
| BABCOCK & WILCOX TECHNICAL ) | |
| SERVICES Y-12, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 66] referring Babcock & Wilcox Technical Services Y-12, LLC's Motion in Limine to Exclude Exhibits Proffered by Contract Management Inc. [Doc. 58] to the undersigned for disposition or report and recommendation as may be appropriate. The parties appeared before the Court to address the Motion in Limine on June 25, 2012. Attorney Adrienne Anderson was present representing Contract Management, Inc., ("Contract Management"). Attorney Ronald Garber was also present, via telephone, on behalf of Contract Management. Attorneys Jack Burgin and Robert Crawford were present representing Babcock & Wilcox Technical Services Y-12, LLC, ("B&W").

This case is about a dispute relating to a construction contract between Contract Management, the subcontractor, and B&W, the contractor. The parties entered into a contract to perform repairs to the potable water system at facilities of the United States Department of Energy, in Oak Ridge, Tennessee. This case is set for a non-jury trial before the Honorable Tena Campbell, United States District Judge, on July 9, 2012.

In the Motion in Limine, B&W asks the Court to exclude three proposed exhibits offered by Contract Management: (1) Proposed Trial Exhibit 218, a chart comparing actual performance to planned performance; (2) Proposed Trial Exhibit 219, a chart illustrating the performance schedule; and (3) Proposed Trial Exhibit 393, an email. Contract Management has responded in opposition to B&W's request. [Doc. 61].

**I.    LAW**

The Honorable David A. Katz, United States District Judge in the Northern District of Ohio, has stated the standard for addressing motions in limine well:

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. See Jonasson v. Lutheran Child and Family Serv., 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Cf. Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. See United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989) (citing Luce, 469 U.S. at 41, 105 S.Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). Hawthorne Partners v. AT&T Technologies, Inc., 831 F.Supp. 1398, 1400-01 (N.D. Ill. 1993).

Indiana Ins. Co. v. General Elec. Co., 326 F. Supp. 2d 844, 846-47 (N.D. Ohio 2004).

## II. ANALYSIS

With the applicable law in mind, the Court turns to the challenges before it.

### A. Proposed Trial Exhibit 218

Contract Management has presented Proposed Trial Exhibit 218, which Contract Management describes as a chart comparing the proposed timeline for completion of the construction project and the actual timeline for the completion of the construction project. [Doc. 58-1].

At oral arguments, Contract Management represented that this chart was to illustrate to the Court the amount of time expended on the project versus the time that was initially estimated. Contract Management states that it does not seek to have this chart admitted into evidence and acknowledges that it bears the burden of establishing delay and other components of its claims. Contract Management states that the exhibit was not meant to establish damages. B&W represented that it did not object to the chart being "conditionally admitted" if it was meant to demonstrate a timeline, as opposed to establishing damages.

Because the chart in Proposed Trial Exhibit 218 is proposed only as a demonstrative aid, the Court finds that excluding it at this juncture would be inappropriate and premature. The Court cannot, and will not, rule that this demonstrative aid, subject to its information being established as accurate and relevant and *not* being evidence intended for admission at trial is inadmissible at trial. As noted above, a ruling on a motion in limine like the one before the Court does not preclude the Court from later finding that the evidence should be excluded. In the case of demonstrative evidence, the Court may determine that a demonstrative aid or evidence is not helpful or necessary. Such decisions will be made by Judge Campbell at the trial of this matter.

3

### B. Proposed Trial Exhibit 219

Proposed Trial Exhibit 219 is similar to Proposed Trial Exhibit 218. Again, Contract Management represents that the chart meant to convey the initial, proposed timeline for the project compared to the actual timeline for the project. Contract Management acknowledges that the exhibit is demonstrative, not for admission into evidence, and Contract Management has acknowledged its burden of proof.

B&W takes issue with its use of certain colors and symbols designating the urgency of tasks to be performed on the project. B&W, however, agreed at the hearing that Exhibit 219 could be "conditionally admitted" as a demonstrative exhibit, with the understanding that the Plaintiff's burden of proving the facts underlying the chart was unaltered.

The Court finds that, as with Exhibit 218, excluding Exhibit 219 at this juncture would be inappropriate and premature. The Court would reiterate that this ruling is not indicative of how Judge Campbell may rule on any issues relating to Exhibit 219 at trial.

### C. Proposed Trial Exhibit 393

Finally, B&W has moved the Court to exclude admission of Proposed Trial Exhibit 393. B&W submits that this email contains evidence relating to an issue that the undersigned has already ruled upon – specifically, the admissibility of an audit performed in this case. [See Doc. 56]. At the hearing, Contract Management stated that it was not attempting to re-litigate the admissibility issue previously decided by the Court. Contract Management, instead, maintained that the email contained admissions of fact relating to *inter alia* rates and rate changes during the project.

After hearing from the parties, the Court reaffirmed that its ruling in regard to the audit and its admissibility will not be revisited. The Court finds that excluding the entire email from

evidence or barring its potential use for issues regarding rates or rate changes would be premature at this juncture.

## III. CONCLUSION

Based on the foregoing, the Court finds that the Motion in Limine **[Doc. 58]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge