# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| CONTRACT MANAGEMENT, INC., <br> Plaintiff, <br><br> vs. <br><br> BABCOCK & WILCOX TECHNICAL SERVICES Y-12, LLC, <br> Defendants. | ORDER AND <br> MEMORANDUM DECISION <br><br> No. 3:10-cv-110 <br> Judge Tena Campbell |

## I. INTRODUCTION

The Y-12 National Security Complex (Y-12 Complex) is a nuclear weapons production facility located in Oak Ridge, Tennessee, and is owned by the Department of Energy (DOE). The DOE agency that controls and coordinates functions and activities at the Y-12 Complex is the National Nuclear Security Administration (NNSA). The NNSA contracted with a private entity—Defendant Babcock & Wilcox Technical Services Y-12, LLC (B&W Y-12)—to manage and operate the Y-12 Complex. The contract is not for a fixed price; instead, B&W Y-12 uses its own resources to manage and operate the Y-12 Complex, and is then reimbursed by the government for all costs which are deemed allowed by the NNSA, including any litigation costs. B&W Y-12 is paid a separate fee for its services.

In December 2008, B&W Y-12 subcontracted with Plaintiff Contract Management, Inc. (CMI) to clean and line some water conduits at the Y-12 Complex. The subcontract was part of the larger Potable Water Systems Upgrade (PWSU) Project, which was congressionally funded. After CMI was awarded the subcontract, Congress imposed a three percent rescission on the PWSU Project. As a result, B&W Y-12 decreased the scope of work in CMI's subcontract and eliminated four of the five water conduits that CMI was originally going to rehabilitate. Because

of disputes about how this change should affect CMI's contract price, and due to a number of delays over the course of the project history, CMI sued B&W Y-12 for breach of contract.

After a five-day bench trial, the court issued its finding of fact and conclusions of law. By balancing a complex set of facts and factors, the court found that CMI was damaged by B&W Y-12's conduct in the amount of $617, 756.36.

B&W Y-12 then moved the court to alter or amend the judgment, arguing that the court did not properly account for the overhead allowed in the contract. B&W Y-12 also filed a Motion to Stay Judgment (Docket No. 104), asking the court to stay execution of the judgment pending two separate events: until the court has decided whether to alter or amend the judgment, and pending any appeal. In the Motion to Stay, B&W Y-12 argues that it should not be required to post a supersedeas bond for either period.

The court has denied the motion to alter or amend (Docket No. 118.), so the court now DENIES AS MOOT the Motion to Stay pending the court's decision regarding whether to alter or amend.

For the reasons set forth below, the Motion to Stay pending an appeal is GRANTED IN PART and DENIED IN PART. B&W Y-12 may be granted a stay pending appeal, but only if it posts a bond. Because the amount of the bond was not properly presented to the court, both CMI and B&W Y-12 are HEREBY ORDERED to submit simultaneous briefing on the proper amount of the bond, due March 22, 2013.

## II. ANALYSIS

An appellant can stay the execution of judgment pending an appeal if he pays a bond. Fed. R. Civ. P. 62(d); see Am. Mfrs. Mut. Ins. Co. V. Am. Broad.-Paramount Theatres, Inc., 87

S. Ct. 1, 3 (1966) (Harlan, J.).  The underlying purpose of such a bond is two-fold: it protects an appellant from "the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal," Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979), and it protects the appellee from "from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988); see also Hamlin v. Charter Twp. of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998)

There is a narrow exception to the bond requirement; the appellant can obtain a stay without a bond if he carries the burden to show the bond is unnecessary.  See Arban v. W. Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2003).  A bond is unnecessary if the appeal is taken under the direction of the federal government.  Fed. R. Civ. P. 62(e); 28 U.S.C. § 2408 (2012).[1]  A bond is also unnecessary when the appellant has adequate resources to satisfy the judgment.  Arban, 345 F.3d at 409.  Moreover, the court has the discretion to modify or waive the bond requirement, and if the court chooses to do so, it should place the burden on the appellant to demonstrate objective reasons for such a departure from the norm.  Hamlin, 181 F.R.D. at 353 (citing Poplar Grove, 600 F.2d at 1190).

---

[1] Section 2408 states:

> Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution or prosecution of any proceeding.
> Costs taxable, under other Acts of Congress, against the United States or any such department, agency or party shall be paid out of the contingent fund of the department or agency which directed the proceedings to be instituted.

28 U.S.C. § 2408.

**A. B&W Y-12 Has Not Shown Government Direction**

When a party takes an appeal under the direction of the federal government, that party does not need to post a bond prior to the appeal. Fed. R. Civ. P. 62(e); 28 U.S.C. § 2408. As noted in the original law upon which Rule 62(e) and § 2408 are based, this exception to the bond requirement is founded on the principle that if a party is directed by the federal government to take an appeal, then the federal government will satisfy the judgment if the appeal is lost. See Rev. St. U.S. § 1001 (1878).

B&W Y-12 has not carried its burden to show that the appeal in this case would be taken under the direction of the federal government, and that in case of an adverse decision, the judgment would be satisfied by the federal government. First, no appeal has yet been filed in this case. B&W Y-12 has not shown that the federal government has mandated an appeal, nor has B&W Y-12 shown that it cannot take an appeal without direction by the federal government.

Second, even if such a mandate were to be given by the NNSA, B&W Y-12 has not demonstrated that such a mandate falls within the protection of Rule 62(e) and § 2408. B&W Y-12 cites the court to Pacific National Bank of Boston v. Mixter, 114 U.S. 463, 464 (1885), arguing that the case stands for the principle that a bond is unnecessary when a federal agency directs a corporation to appeal an adverse decision. But Pacific National does not stand for so wide a proposition as advocated by B&W Y-12. The Pacific National decision comprises four terse sentences that denied a motion to dismiss an appeal for failure to post a bond.[2] The

---

[2] In its entirety, the opinion reads as follows:

This motion is denied. Under section 1001 of the Revised Statutes, no bond for the prosecution of the suit, or to answer in damages or costs, is required on writs of error or appeals issuing from or brought to this court by direction of

decision cites § 1001 of the Revised Statutes of 1878 (the antecedent of 28 U.S.C. § 2408 and Rule 62(e)), and immediately proceeds to hold that if a receiver of an insolvent national bank is directed by the comptroller of the federal treasury to take an appeal, then the receiver and the national bank do not have to post a bond. As noted a few years later, such a cursory decision "in no way indicates the theory upon which the language of the section 'by the direction of any department of the government'" is construed. Robinson v. S. Nat'l Bank, 94 F. 22, 22 (C.C.S.D.N.Y. 1899); see also C.H. Sanders Co., Inc. v. BHAP Hous. Dev. Fund Co., Inc., 750 F. Supp. 67, 72 (E.D.N.Y. 1990) (rejecting a litigant's reading of the Pacific National case, stating that the court was "unable to mine from that cursory opinion" the principle forwarded by the litigant).

    Pacific National simply cannot be extended to embrace the principle forwarded by B&W Y-12: that whenever any kind of private entity is directed by the federal government to take an appeal, then the private entity may take the appeal without posting a bond. To allow this would contravene the principle that underlies Rule 62(e) and § 2408. Not all private corporations are as tightly bound to the federal treasury as were the national banks in the late 1800s, and not all judgments against a private corporation will be repaid by the federal treasury. Rule 62(e) and § 2408 were founded on the principle that no bond is needed when the federal government directs an entity to take an appeal because the entity is inextricably tied to the coffers of the United

---

> the comptroller of the currency in suits by or against insolvent national banks, or the receivers thereof. This is such a case. There is abundant evidence in the record that the direction from the comptroller to the receiver was to take out a writ of error in this case, although, by mistake in one of the papers, Henry Mixter was named as the plaintiff instead of George Mixter.

Pac. Nat'l, 114 U.S. at 464 (1885).

States.  B&W Y-12 has not shown such a connection in this case, and allowing B&W Y-12 to claim the protection of Rule 62(e) and § 2408 would undermine the reason for those rules.

**B.  B&W Y-12 Has Not Shown Adequate Resources**

The bond required by Rule 62(d) is unnecessary when the appellant carries the burden to show he has adequate resources to satisfy the judgment.  Arban v. W. Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2003).  As noted in Arban, to have "adequate resources," the appellant must show that its ability to pay "is so plain that the cost of the bond would be a waste of money."  Id. (quoting Olympia Equip. Leasing Co. v. West. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)).  In Arban, the Sixth Circuit affirmed a district court's grant of a stay without bond, noting that the appellant company was a going concern making billions of dollars each year, and reasoning that because the judgment was relatively quite small, future events would not have any significant effect on the appellant's ability to satisfy the judgment following an appeal.  Id.

Unlike the appellant in Arban, B&W Y-12 has not shown that its resources are so certain that future events cannot reasonably affect its ability to satisfy the judgment.  B&W Y-12 may not be able to rely on revenue from its management of the Y-12 Complex in the near future because the management contract has been awarded to a different company.  B&W Y-12 argues that it has sufficient funds in reserve to pay for the judgment and that it will be reimbursed by the government for the cost of paying the judgment.[3]  This is not enough to dispel reasonable doubts about B&W Y-12's ability to satisfy the judgment in the future.  Although B&W Y-12 has assured the court that funds have been held in reserve, B&W Y-12 did not sufficiently

---

[3] There is also a brief assertion that B&W Y-12s's corporate partners are jointly and severally liable for the performance of B&W Y-12.  However, such a statement is nonbinding and evidence in support of that was not presented to the court.

demonstrate how the funds held in reserve are guaranteed not to be reduced or spent for any other future expenses related to the PWSU Project. Nor did B&W Y-12 demonstrate how the government will undoubtedly reimburse B&W Y-12 for the costs associated with a judgment in this case. It is not "so plain" to the court that, regardless of future events, there are adequate resources such that CMI will be able to collect on the judgment following a failed appeal.

### III.  CONCLUSION

For the reasons set forth above, the court ORDERS the following:

- The first aspect of the Motion to Stay (Docket No. 104) pending the court's decision regarding whether to alter or amend is DENIED AS MOOT;

- The other aspect of the Motion to Stay (Docket No. 104) pending an appeal is GRANTED IN PART and DENIED IN PART: B&W Y-12 may be granted a stay pending any appeal, but only if it posts a bond.

- Both CMI and B&W Y-12 must submit simultaneous briefing on the proper amount of the bond, due March 22, 2013.

SO ENTERED this 7th day of March, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge