UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CONTRACT MANAGEMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-110 |
| ) | (CAMPBELL/SHIRLEY) |
| V. ) | |
| ) | |
| BABCOCK & WILCOX TECHNICAL ) | |
| SERVICES Y-12, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. Now before the Court are the parties' briefs relating to the proper amount for Defendant's supersedeas bond on appeal, along with the Defendant's Motion to Deposit Funds with the Court. The time for briefing the Defendant's Motion to Deposit Funds with the Court has not expired. The Court, however, finds that the relevant issues have been fully briefed in the parties' initial briefs on the bond issue, and therefore, the Court will not delay ruling. See E.D. Tenn. L.R. 7.1.

The Defendant maintains that the appropriate amount for the bond on appeal is the amount of the judgment in this case: $617,765.36. The Defendant argues that a bond of $617,765.36 would insure the Plaintiff's recovery if the Defendant is not successful on appeal. The Defendant notes that it is willing to retain an additional amount over the amount of the judgment to cover costs and any prejudgment interest. Defendant submits that even with the addition of costs and interest for two years, the appropriate amount should not exceed $634,207.62. [Doc. 121].

Plaintiff responds that the bond should be set at $679,641.63. Plaintiff argues that the bond may include attorneys' fees, appeal costs, post-judgment interest, and damages for delay caused by the appeal. Plaintiff submits that interest, calculated in accordance with the Court's Order will be $12,728.69 for eighteen months, and the attorneys' fees are estimated to total $34,683.75. Plaintiff also adds the costs of $14,463.83 it has submitted in its Bill of Costs in reaching its total of $679,641.63. The Plaintiff has not included any money representing damages for delay in its calculation. [Doc. 122].

As the Court of Appeals for the Sixth Circuit has explained:

> Federal Rule of Civil Procedure 62(d) allows a party to stay the execution of a judgment pending appeal by providing a supersedeas bond. The stay is effective upon approval of the bond by the court. Fed. R. Civ. P. 62(d). Commentators have noted that "[a]lthough the amount of the bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay, the courts have inherent power . . . to provide for a bond in a lesser amount or to permit security other than the bond." 11 Charles Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2905, at 522 (4th ed.2008).

United States v. Gen. Elec. Co., 397 Fed.App'x 144, 151-52 (6th Cir. 2010).

The Court has considered both parties' positions. The Court finds that the Plaintiff has shown good cause for requiring the Defendant to post a supersedeas bond in the amount of $679,641.63. The Court finds that this amount represents a reasonable and logical calculation of the costs, attorneys' fees, and interest that have been incurred or will be incurred while Defendant's appeal is pending. The Court further finds that this amount is just 110% of the amount of the Judgment obtained in this case, and it does not reflect any "damages for delay." The Court finds that the amount requested is more than reasonable in the context of this case.

Accordingly, the Court **ORDERS** that the Defendant either post a bond of $679,641.63 or pay the same as a deposit with the Clerk of Court. If the Defendant opts to pay this amount in the form of a deposit with the Clerk of Court, it is **GRANTED** leave to do so in compliance with Rule 67 of the Federal Rules of Civil Procedure and Rule 67.1 of the Local Rules of the Eastern District of Tennessee. Defendant **SHALL** serve a copy of this Order permitting the deposit upon the Clerk, or her designated Financial Deputy Clerk, of the United States District Court for the Eastern District of Tennessee in Knoxville, Tennessee, either personally or by certified mail. Upon conclusion of the appeal, disbursement of the deposited funds shall be made in accordance with Local Rule 67.1.

Finally, for the reasons stated herein, the Defendant's Motion to Deposit Funds with the Court **[Doc. 125]**, which suggested deposit of $617,765.36, is **DENIED**. Instead, the Defendant will comply with the Court's above directives.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge